AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of      Delaware

UNITED STATES OF AMERICA

v.

David Ross
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   CR 06-32

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in   21 USC § 841
  - ☐ under 18 U.S.C. § 924(e).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
(2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   X a preponderance of the evidence: Defendant declined to be interviewed by Pretrial Services. As a result, defendant's characteristics and background information is limited and cannot be confirmed. It is known that he was born in 1977 and is presently incarcerated on a state conviction for similar drug charges that he faces in this matter, possession of a controlled substance and maintaining a dwelling for drugs for which he received 3 years. The good time expiration date would be April 2008. This conviction arose from a raid of the Fairview Inn in October 2004 when police learned that a number of probationers and wanted persons were staying there. When defendant was searched in relation to that arrest, a small baggie of MJ, over $1,000 in cash and 42 bags of heroin (total weight 5.9 gr) were found. Because of the lack of an interview, defendant's work and residence history can not be confirmed, as well as, his contacts with the community. In addition, defendant's criminal history begins in 1995 at age 18 years with convictions occurring every year thereafter. They include resisting arrest, criminal impersonation, possession of a non-narcotic controlled substance, shoplifting, traffic violations, unauthorized use of an automobile, possession with intent to deliver, driving during

*Defendant did not oppose detention but reserved the right to review federal detention at a later date. Moreover, defendant is presently incarcerated until at least 2008 for State conviction on drug related offenses.*

suspension

and the state criminal drug convictions for which he is presently incarceration. Further, defendant was found in violation of his probation on some

AO 472 (Rev. 3/86) Order of Detention Pending Trial

of the above convictions twice. As a result of the above facts, there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____          _____
Date                              Signature of Judicial Officer
                                  Mary Pat Thynge, Magistrate Judge
                                  *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (e) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).