*n cop ... this 17th*
*day of July 2006 du*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-32-JJF |
| | ) | |
| DAVID ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**F I L E D**

JUN 1 7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Richard G. Andrews, First Assistant United States Attorney for the District of Delaware, and the defendant, David Ross, by and through his attorney, Richard G. Freeman, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count II of the Indictment, which charges him with possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and to Count VI of the Indictment, which charges him with the use of a telephone to facilitate a drug felony, in violation of 21 U.S.C. § 843(b).

2. The defendant understands that as a consequence of his guilty plea, the maximum sentence for the conviction on Count II is twenty (20) years imprisonment, a fine of $1,000,000, lifetime supervised release with a minimum of three years of supervised release, and a $100 special

assessment, and the maximum sentence on Count VI is four (4) years imprisonment, a fine of $250,000, three years supervised release, and a $100 special assessment. The defendant understands these penalties could be imposed consecutively, and therefore that he could be imprisoned for up to twenty-four (24) years, fined up to $1,250,000, placed on life plus three years of supervised release, and required to pay special assessments totaling $200.

3.      The United States agrees to move to dismiss Counts I, III, IV, V, and VII of the Indictment at the time of the sentencing.

4.      The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is, in relation to Count II, that: (1) on or about November 22, 2004, the defendant possessed a substance; (2) the substance was heroin; (3) the defendant acted knowingly; and (4) the defendant acted with the intent that the substance would be distributed to one or more other persons; and, in relation to Count VI, that: (1) on or about November 26, 2004, the defendant knowingly and intentionally used a telephone; and (2) that he used the telephone to facilitate the defendant's possession of heroin with the intent to distribute it.

5.      The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The United States agrees that it will recommend a sentence within the guidelines range.   The defendant understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Based on the defendant's conduct to date, the United States agrees that the defendant should obtain a two level reduction for acceptance of responsibility,

and the United States will agree to move for a further one point reduction due to defendant's timely decision to enter a guilty plea. The defendant understands that the Court is not bound by any agreement between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

6.      The United States and the defendant stipulate that a reasonable estimate of the amount of heroin for which he should be held accountable under the sentencing guidelines is more than 100 grams of heroin. With acceptance of responsibility, this would result in a final offense level of 23. The parties agree that the defendant is currently serving a State of Delaware offense that results, at least in part, from a drug transaction that is relevant conduct to the offenses to which the defendant is pleading guilty. The parties thus recognize that the Sentencing Guidelines either require, or allow, the District Court to sentence the defendant to a concurrent sentence to the one he is already serving. *See* U.S.S.G. § 5G1.3(b) & (c). The United States agrees to waive its right to appeal any decision by the District Court to impose the sentence fully or partially concurrently.

7.      The defendant agrees to pay the $200 special assessments the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8.      It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified

only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

By: _____

_____
Richard G. Freeman, Esquire
Attorney for Defendant

Richard G. Andrews
First Assistant United States Attorney

_____
David Ross
Defendant

Dated: 7/17/06

**AND NOW,** this ___17___ day of ___July___, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE JOSEPH J. FARNAN, JR.
United States District Judge