IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 1:06-CR00032-001 JJF |
| | : | |
| v. | : | |
| | : | |
| DAVID ROSS | : | |

DEFENDANT'S SENTENCING MEMORANDUM

To the Honorable Joseph J. Farnan, Jr., Judge, United States District Court:

The Defendant, David Ross, by his counsel, Richard G. Freeman, Esquire, hereby submits the within memorandum in aid of sentencing.

1. **Facts**

The defendant pleaded guilty to and faces sentencing on one count of Possession With Intent to Distribute Heroin in violation of 21 U.S.C. § 841 (a) (1) and (b) (1) ©) and one count of Use of A Telephone to Facilitate a Drug Felony U.S.C. § 843 (b). The instant charges arose in connection with the defendant's involvement as a street sales person in a drug run by another individual. Remarkably, the defendant is currently serving a three-year sentencing in Delaware state prison in connection with his role in the same operation—albeit in a different drug transaction that occurred in another month.

The defendant has a supportive family and is surrounded by siblings who are

*Please Turn to the Next Page*

1



FILED
OCT 10 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

employed and would welcome him back to the family and working world. He has given the Court multiple endorsements in the form of letters from neighbors and clergymen. Especially supportive is his girlfriend, Ebonique Conkey. He has a mentor, Danette Wilson, an energetic woman who counsels parents of incarcerated children. He has a record of employment and employment opportunities of which he could avail himself once he is released from prison. He expresses enviable ambitions.

**Nature and Circumstances of the Offense**

The defendant agrees with the presentence investigator's detailed account of his involvement in the offense.

**II. Argument**

Pursuant to *United States v. Booker, 125 S. Ct. 738 (2005)* and *United States v. Fanfan, 125 S. Ct. 26 (2005)* the sentencing guidelines are not binding and any sentencing should be evaluated for reasonableness. In *United States v. Ranum, 353 F. Supp. 2d 984 (E.D. Wisc. 2005)* Judge Adelman of the Eastern District of Wisconsin held that while the Court must "seriously consider" the guidelines and give reasons for sentences outside the range "in doing so courts should not follow the old 'departure methodology' " "The Court in *Ranum* said:

> The guidelines are not binding and the courts need not justify a sentence outside of them by sating factors that take the case outside the 'heartland'. Rather, courts are free to disagree in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, so long as that the ultimate sentence is reasonable and carefully supported by reasons tied to the § 3553 (a) factors. Id at 987

2

See also *United States v. Myers*, 53 F. Supp. 2d 1026 (S.D. Iowa 2005); *United States v. Ameline*, 400 F/ 3d 646, 655-56 (9th Cir. 2005) reh'g ranted, 401 F. 3d 1007 (9th Cir. 2005).

The overriding principle and basic mandate of 18 U.S.C. § 3553, the core of the United States Sentencing Code, requires this Court to impose a sentence "sufficient but not greater than necessary" to comply with the four purposes of sentencing set forth in § 3553 (a) (2) :

(a) Retribution (to reflect the seriousness of the offense, to promote respect for law and to provide "just punishment:);

(b) Deterrence;

( c ) Incapacitation (to protect the public from further crimes); and

( d) Rehabilitation ("to provide the defendant with needed educational or vocational training, medical care and other correctional treatment in the most effective manner")

The "sufficient, but not greater than necessary" requirement is often referred to as the "Parsimony Provision". The Parsimony Provision is not just another "factor" to be considered along with others set forth in section 3553 (a). It sets an independent limit on the sentence a court may impose. In *United States v. Denardi*, 892 F. 2d 269, 276-77 (3d Cir. 1989) the late Judge Becker opined that a sentence may be reversed even if within the guideline range if greater than necessary.

In determining the sentence minimally sufficient to comply with § 3553 (a) (2) the Court must consider several factors listed in §3553(a). These are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant; (2) "the

kinds of sentences available"; (3) "the guidelines and policy statements issued by the sentencing commission, including the now non-mandatory advisory sentencing guidelines range" ; (4) " the need to avoid unwanted sentencing disparity" and (5) " the need to provide restitution where applicable.

Neither the statute itself nor *Booker* suggests that any one of these factors is to be given greater weight than any other factor. However, it must be stressed that all factors are ancillary to § 3553 (a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentences.

The sentencing landscape post *Booker* and *Fanfan* now accommodates only sentences that are minimally sufficient to accomplish certain specified purposes of sentencing. The guideline recommendation is just one of five factors to be weighed equally in determining the minimally sufficient sentence under § 3553 (a)

### III. Advisory PSI Guideline Analysis and Objections

#### a. *Recommendation*

The presentence investigation concludes its guideline analysis by stating in pertinent part:

"Pursuant to U.S.S.G, Chapter Five, Part A, based on a Total Offense level of 23 [as amended] and a Criminal History Category of III **the Guideline Range for Imprisonment is 57-71 .**

#### b *Objections - Reason for Downward Departure*

#### 1. Defendant's Criminal History Category Overrepresents His Record

U.S.S.G §4A1.3 authorizes a sentencing court to depart downward if "the court concludes that a defendant's criminal history category significantly over-represents the

4

seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes

When assessing the appropriateness of a departure under § 4A1.3 a court should consider all relevant factors, including recidivism. *See United States v. Caldwell, 219 F. 3d 1186, 1192 (10th Cir. 2000)* (finding that a departure determination under § 4A1.3 requires consideration of "all factual circumstances that bear upon a defendant's criminal history and likelihood for recidivism");*United States v, Maldonado-Campos, 920 F. 2d 713, 720 (1oth Cir. 1990)* ("[I]n addition to the seriousness of a defendant's criminal history, recidivism should be considered in deciding whether to depart downward under § 4A1.3 ") (citation omitted); *United States v. Collins, 915 F. 2d 618, 620-622 (11th Cir). 1990* (validating the use of recidivism in tandem with criminal history in determining whether the depart downward under § 4A1.3 . ).

In view of the foregoing standards Mr. Ross's record fully would justify this Court's decision to impose a sentence that represents a downward departure from the guideline recommendation. To do so would be a reasonable exercise of this Court's wise and merciful discretion.

Especially telling and motivating downward departure are the specific convictions which together bring the defendant into a category III. One of them is for shoplifting"under $1,000", another is for offensive touching –a conviction that arose from a domestic dispute—another was for taking a friend's car without returning it and another was for driving with a suspended license. Is that that a history of "criminal" conduct? Surely, this Court has seen worse represented in category III. Indeed, the defendant's most severe crime appears to have been his prior drug delivery conviction

5

and that, according to the presentence report, was for "possession with intent to deliver a *non-narcotic controlled substance*."

The rather random, inconsistent nature of the defendant's record should certainly lead this Court to exercise its vast experience and conclude that such a record does not threaten recidivism. His current record of community involvement and support should encourage the Court as well to conclude that this man has a good to excellent probability of not returning to the criminal path.

**b. Other Considerations -Concurrent Sentences**

The defendant is currently serving a three-year sentence in state prison for engaging in a drug transaction. That transaction occurred a bare month or so before the transaction which provided the basis for his current plea. Thus, the parties have agreed that this Honorable Court—should it consider it appropriate—may fashion a federal sentence that would run concurrently with the outstanding state sentence. See U.S.S.G. §5G1.3 ( c ).

## CONCLUSION

The defendant by counsel respectfully requests that this Honorable Court downwardly depart from the guideline recommendation and sentence him to a period of imprisonment of 36 months concurrent with the sentence he is now serving.

Respectfully submitted,

*/s/ Richard G. Freeman*
RICHARD G. FREEMAN
Attorney for Defendant

Date: October 5, 2006

6

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within sentencing memorandum on the following persons by Regular United States Mail:

>Richard G. Andrews, Esquire
>Assistant United States Attorney
>1007 Orange street, Suite 700
>Wilmington, DE 19899-2046
>
>Jean M. Lubinsky
>U.S. Probation Officer
>J. Caleb Boggs Federal Building
>Lockbox #39
>844 King street
>Wilmington, DE 19801-3588

                                    RICHARD G. FREEMAN

October 5, 2006